EMLEN PHYSICK et al., appellants,

*v.*

PHILIP P. BAKER, respondent.

A bill was filed by a receiver to have a corporation mortgage declared void. Strictly responsive answers were filed by certain bondholders. The mortgage was declared to be valid as to all bondholders save those who took their bonds

charged with knowledge that they were issued in excess of the amount of stock actually paid in. The first issue of bonds was on a *bona fide* full-paid stock basis, and certain of the bonds became the property of the appellants, who, as directors, subsequenly became charged with knowledge that a later issue of bonds was not upon a paid-up stock basis.—*Held*, that the first issue was valid and that the bonds constituted property in the hands of the appellants, which could not, in a suit thus framed, be taken from them either as a penalty or as a contribution to the general dividend fund for the holders of the subsequent issues.

On appeal from a decree advised by Vice-Chancellor Pitney, in *Baker, Receiver*, v. *Guarantee Trust and Safe Deposit Co.*

*Mr. Thomas B. Harned*, for the appellants.

*Mr. Howard Carrow* and *Mr. Martin P. Grey*, for the respondent.

The opinion of the court was delivered by

GARRISON, J.

This appeal is from the same decree that was affirmed in the preceding case as to the appellants therein. In the present case an insuperable obstacle prevents the affirmance of the decree in its entirety. The difficulty referred to lies in the fact that the decree in effect takes from two of the appellants certain legally-issued bonds, their property, and adds the same to a fund in which they do not participate. The broad ground upon which the case below was decided and the decree affirmed in the preceding case, was that in the hands of a director of a railroad company, or other person charged with knowledge of the fact, bonds issued in excess of the amount of stock actually paid in, are invalid and worthless.

The proofs, however, showed conclusively that some money was paid for stock issued, of which $70,000 in cash was deposited with the state treasurer before the road was begun. Upon the cash-stock basis thus established, seventy bonds, numbered from one to seventy inclusive, were issued to one Wood, under a building contract, in payment for labor and

Physick v. Baker.

material at least equal in value to the face of the bonds. With respect to these bonds, the vice-chancellor who heard the testimony thus speaks: "The proofs show clearly that all bonds issued, *except the first one hundred or thereabouts,* were so issued in excess of the amount at the time of their issue paid in directly on account of capital stock." And again, "the result is that all the Wood issue, *except the first one hundred,* were over-issues and invalid."

This finding was correct, and established the fact that certain of the bonds were not open to the charge of being in excess of cash-paid stock. A further fact established is that Wood, the owner thereof, had transferred three of these bonds to Boney and seventeen to Physick, both of whom were directors and knew the valid cash basis on which the bonds stood, and the valuable consideration given the company for them.

That the owner of these bonds could give them away, or otherwise dispose of them if he chose, is too plain to admit of discussion. There is no question, therefore, but that the bonds were lawful property in the hands of the appellants.

Upon these uncontroverted facts, the treatment of these bonds by the chancery decree is not, in my opinion, in accordance with any doctrine of that court. In fine, they were treated precisely as if open to the very infirmity which it was admitted they did not share. They were simply nullified. "At first," says the equity judge upon this point, "I was inclined to think that as to seventeen of the bonds—Nos. 54 to 70—delivered to Physick by Wood, he [the appellant] was entitled to claim that they were not, in fact, over-issues, being part of the first issue of seventy bonds to Wood, which *were legalized by the early payments of cash on account of stock,* and, therefore, intrinsically good and valuable in everybody's hands. But, upon reflection, I am unable to adopt that view as between Dr. Physick and other innocent holders of the bonds." The final conclusion of the vice-chancellor is that, notwithstanding these bonds were thus legally issued and valid property in the hands of Physick and Boney, they must be deemed void, because of a subsequent infraction of the law by the corporation with respect to an over-

issue of later bonds at a time when the appellants were in the directorate of the company.

It should be remarked that these bonds were not issued directly to these appellants so that they became charged with any trust with respect thereto, and further, that there is not a scintilla of proof that at the time the property in these bonds vested in Boney and Physick they contemplated, still less that they had conspired, a subsequent over-issue of bonds repugnant to the statute. The naked proposition therefore is that a director of a railroad company that issues bonds in excess of its paid-up stock must contribute to the assets of the company whatever property therein he had acquired previous to the over-issue. Had the legislature annexed this penalty as an incident to such corporate existence, I can readily see how, in a suit brought for that purpose, the forfeiture must be enforced. But in the absence of such legislation, and when no such suit has been or can be brought, I am unable to recall any principle of law or of equity by which property once established in an owner may compulsorily change hands because of the owner's subsequent infraction of a statutory duty. Whether this change of ownership be regarded as the infliction of a penalty, the enforcement of a forfeit or the application of personal property to the equalization of the losses of others, it appears to me to rest upon no known juridical foundation. In addition to this, it was wholly outside the equitable action in which it was decreed. The bill was filed by a receiver who prayed to have a mortgage declared void. The answers are simply responsive to this bill. The proofs and the decree treat the mortgage as valid save only as to bonds that to the knowledge of their holders were issued in excess of stock fully paid. Under these circumstances, a decree directing that certain bonds of an established validity be denied to their owners and go to swell a fund to be divided among the subsequent takers of later bonds, is certainly a taking of private property under conditions not aptly described in the term "due process of law." The rules under which private property is acquired and held, require that a change of ownership, however circuitously brought about, must be in legal effect a direct adjudication

Physick *v.* Baker.

to that end, in a suit where such an issue is pending between the successful and the despoiled claimant. If the doctrine contended for by the respondents be accorded, it must follow that if the appellants on receiving their valid bonds had exchanged them for real estate they might, in a suit by the receiver to set aside the trustee mortgage, be decreed to convey such real estate to the receiver to be distributed among the later bondholders.

Property, whether real or personal, when once legally vested in an owner, cannot, in my judgment, be divested in this off-hand manner.

Every principle of law, as well as widespread commercial interests, requires that property once legally acquired shall not be divestible, save in an action that frames such an issue and upon considerations that attack the legality of the acquisition. Such alone is due process of law, as I understand it; whatever is beyond is extra-judicial, however parallel it may lie to a rugged sense of natural justice.

The practical result is that the decree below should be reversed and so modified as to permit the appellant Boney to participate in the fund as to three bonds numbered forty-five, forty-six, forty-seven, and the appellant Physick as to seventeen bonds numbered fifty-four to seventy, both inclusive.

The other appellant, Conway, was at no time a director. He is a creditor pure and simple. To the extent of one-half of the amount of his cash claim he should be admitted to a dividend. That is to say, of the cash he advanced one-half will be deemed to have been paid for the stock on which the other half will represent bonds valid in his hands. To this extent he should share in the fund. His claim appears to be $7,000, on which basis his dividend-bearing fund would be $3,500. If there be controversy over these figures there should be a reference to establish the sum.

The decree is reversed.

*For reversal*—Garrison, Bogert, Brown, Krueger, Sims, Smith—6.

*For affirmance* — Gummere, Ludlow, Magie, Van Syckel—4.